# Court of Appeals
# of the State of Georgia

ATLANTA,  March 05, 2026

*The Court of Appeals hereby passes the following order:*

**A26D0370.  CATHY WATSON v. ANDREW S. LOVVORN AS ADMINISTRATOR OF THE ESTATE OF ROBERT A. WATSON et al.**

Andrew S. Lovvorn as Administrator of the Estate of Robert A. Watson filed a dispossessory action against Cathy Watson in magistrate court. After the magistrate court granted the estate a writ of possession, Cathy Watson filed this application for discretionary appeal. We lack jurisdiction.

Ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b), which provides for appellate review in the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438–39(2) (886 SE2d 389) (2023). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See *Harris v. Reserve at Hollywood LLC*, 376 Ga. App. 553, 553 (920 SE2d 163) (2025). The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11(b).

To the extent this filing may be construed as a notice of appeal, it is hereby TRANSFERRED to the Magistrate Court of Carroll County with direction to transmit the case to the state or superior court of Carroll County for disposition as appropriate.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/05/2026

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] We recognize that we are in possession of limited material and that our determination that jurisdiction may lie in another court is limited by the dearth of information. Thus, our ruling should not constrain the magistrate court or the state or superior court to the extent those courts determine either that Cathy Watson has not perfected a right to appeal or that those courts lack jurisdiction.